**Farris G. COMPTON, Appellant-Plaintiff,**

v.

**AMERICAN MUTUAL LIABILITY INSURANCE COMPANY,**
**Appellee-Defendant.**

Supreme Court of Tennessee.

June 2, 1975.

Richard H. Winningham, Chattanooga, for appellant-plaintiff.

Donald E. Warner, Thomas, Leitner, Mann, Warner & Owens, Chattanooga, for appellee-defendant.

## OPINION

HARBISON, Justice.

This case involves the commissions allowed to clerks of the various courts for the handling of installment payments made under the Tennessee Workmen's Compensation Act.

On November 15, 1973 appellant was awarded a judgment against appellee for workmen's compensation benefits, including, among other things, permanent partial disability benefits in the amount of fifty-five dollars per week for a period of two hundred weeks.

The decree of the chancellor did not specify the manner in which these weekly benefits should be paid, but the decree did retain the cause on the docket of the court for the purpose of enforcing the same or for any further action which might be necessary in the cause.

Nothing else appears in the record until October 2, 1974, nearly one year after entry of the judgment, at which time counsel for appellant filed a motion "to require the defendant to make all payments through the registry of the Court and to require the defendant to pay the commission of the Clerk and Master over and above the weekly payments made to plaintiff."

On October 17, 1974 the chancellor filed a memorandum opinion in which he granted the motion requiring weekly payments to be made into the registry of the court, but disallowed the motion to require the defendant (appellee) to pay the commission of the Clerk and Master. Implementing this memorandum, there was entered on November 4, 1974 a final order, in which the court recited the contentions of the parties. The decree noted that the appellant contended that T.C.A. § 8–2115(A), par. VI, providing for a five per cent commission to the various clerks of courts, should be taxed as court costs or, in the alternative, that the court should order this commission to be paid by the defendant. Appellee argued that the compensation carrier had previously been making weekly payments directly to appellant and her counsel, until appellant made the demand for payment through the court, and appellee pointed out that appellant could at any time withdraw her demand for payments through the court and receive the payments directly. Appellee

further contended that the code sections in question were unconstitutional in various respects.

In the final decree, the chancellor adhered to the conclusions stated in his memorandum opinion, but permitted an appeal to this Court.

The case is before the Court solely on the technical record. Counsel have made various statements of fact in their briefs which are outside the record, and cannot be considered.

The provision allowing a commission to the clerks of the courts on installment payments of workmen's compensation benefits first appeared in Chapter 202 of the Public Acts of 1973, which purported to repeal the provisions of T.C.A. § 8–2115(A) in their entirety and to substitute a complete new schedule of fees and costs in all of the courts of the state. By reason of an error in form in this Act, however, the Tennessee Code Commission did not codify the 1973 Public Act. Instead, in the 1973 Cumulative Supplement to the Tennessee Code Annotated, the provisions of the act were noted, together with the apparent defects in the statute.

By Chapter 556 of the Public Acts of 1974, the 1973 statute was re-enacted, together with an express repealing clause of the previous provisions of T.C.A. § 8–2115.

The 1974 statute, which we will consider for purposes of this opinion, contains seven schedules, specifying costs to be allowed to the various clerks for particular acts or services. Schedule VI is entitled "Commissions" and permits the clerks to receive commissions in specified amounts, or in amounts to be fixed by the court, for the receipt and payment of taxes, fines, forfeitures, proceeds of property sales, accounts in settlements of administration, and reports under orders of reference. Included in this schedule of commissions, as Item 5, is the following:

"For receiving and paying out workmen's compensation installment payments, five per cent (5%) on the dollar."

Under the law prior to the 1973 and 1974 Acts, the clerks have been authorized to make the usual statutory charges for the handling of workmen's compensation cases, such as charges for the issuance of process and the handling of settlements, and these prescribed cost provisions, as amended, still exist. Various references are found in the Workmen's Compensation Act itself to the charging of court costs. As stated, however, it was not until the 1973 and 1974 Acts, here under consideration, that a specific reference was made to the charging of a commission for the handling of periodic payments.

Prior to that time, T.C.A. § 8–2117 had provided as follows:

"Hereafter each clerk of a court of record in this state receiving, handling and disbursing alimony and similar monies under and by order of court is entitled to charge and receive the sum of five per cent (5%) of said monies for his services, in so receiving, handling and disbursing same.

"Said clerk shall account for the monies so received as compensation for his services as he now accounts for other fees in his office."

T.C.A. § 8–2117 was amended by Chapter 694 of the Public Acts of 1974, effective July 1, 1974. The first two paragraphs, quoted above, were not changed, but a third paragraph was added, as follows:

"No clerk of any court who receives, handles and disburses child support payments pursuant to court decree or order shall deduct from any such payment any fee or commission but shall pay over the entire amount of any such payment to the person or persons for whose benefit it is made. Any fee or commission due the clerk shall be collected from the person making such payment, which shall be in

addition to the amount of such payment and shall be deemed court costs taxable to the person charged with the responsibility of making said payment."

■ It is thus seen that the 1974 amendment made specific provisions for the fees of the clerks with respect to child support payments. Otherwise the terms and provisions of the statutes were left undisturbed, and it is our opinion that the commissions for workmen's compensation benefits should be charged by the clerk as other commissions collected by him, that is, out of the funds coming into his hands.

■ The result, of course, necessarily will be to diminish the amount received by the compensation claimant. As pointed out by the chancellor in the present case, however, there is no requirement that periodic installments of workmen's compensation benefits be made through the registry of the court. The claimant is free to receive them directly, or through his attorney, in weekly installments, monthly installments or in any other manner in which the parties may agree. It is only when the funds are payable through the registry of the court that the clerk is entitled to deduct a commission therefrom.

Further, it should be noted that the Workmen's Compensation Act itself expressly provides for a penalty of six per cent against an employer or insurance carrier who fails to pay benefits as required by the Act. T.C.A. § 50–1005.

It would therefore seem to us that ordinarily workmen's compensation benefits would not be paid through the registry of the courts, unless there is some particular reason for doing so or unless the claimant expressly so requests. The penalty provisions of the Workmen's Compensation Act cited above should be sufficient to discourage delay on the part of the person or firm charged with making the payments.

Unlike the situation obtaining in domestic relations cases, a court in awarding workmen's compensation benefits is bound by particular schedules, and the amounts to be awarded as periodic payments are specifically prescribed. The trial court is not free to order additional amounts, other than through the penalty provisions. It is our opinion that it would not be appropriate for him to direct the employer, or its insurance carrier, to pay an additional amount to cover the commissions of the clerk, without a specific statutory provision, such as the 1974 provision governing child support payments. Absent such a specific authorization, the commissions of the clerk would not be embraced within the prescribed statutory court costs, such as those for issuing process, filing papers, and the like. These latter costs, of course, may be taxed to an employer or insurance carrier, in addition to the prescribed workmen's compensation benefits. See, e. g., T.C.A. § 50–1018.[1]

The judgment of the chancellor is affirmed at the cost of the appellant.

---

1. Even the fixed statutory fees, however, in all civil cases, are to be adjudged by the presiding trial judge, and he has authority, in his discretion, to apportion costs between the litigants "as in his opinion the equities of the case demand." T.C.A. § 20–1621.